UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE LUIS ESCALONA MORALES,                    Civil Action No:

                    Plaintiff,

-against-

NEW WATER CAFÉ, INC. and LEO LIM,

                    Defendants.
------------------------------------------------------------X

## COMPLAINT

Plaintiff, Jose Luis Escalona Morales, as and for his Complaint against the Defendants, New Water Cafe, Inc. and Leo Lim ("Defendants") respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff, Jose Luis Escalona Morales ("Plaintiff"), was employed by Defendants as a grill worker from on or about February 2013 to on or about November 16, 2016.

6. Upon information and belief, Defendant, New Water Café, Inc. ("New Water"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, New Water maintains a place of business located at 130 Water Street, New York, New York.

8. Upon information and belief, New Water operates Café Water located at 130 Water Street, New York, New York.

9. Upon information and belief, Defendant, Leo Lim ("Lim") is a resident of the State of New York.

10. At all relevant times, Lim was and still is a corporate officer of New Water. Upon information and belief, at all times relevant, Lim exercised operational control over New Water, controlled significant business functions of New Water, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of New Water in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Lim has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

10. At all times relevant to this action, Plaintiff has been employed for the benefit of and at the direction of Defendants.

- 2 -

11. Defendants operate a café that sells food and other items to the public.

12. Plaintiff was employed at Defendants' cafe for several years as a grill worker who primarily spent his days cooking food.

13. Plaintiff was supervised by Lim.

14. Plaintiff's rate of pay was set by Lim.

15. Plaintiff's work schedule was set by Lim.

16. Lim has and continues to participate in running the daily operations of New Water.

17. From February 2013 to July 2015, plaintiff worked Monday through Friday each week.

18. During this time, plaintiff's work schedule was as follows: Monday through Friday from 6:00 a.m. to 4:00 p.m. without any uninterrupted meal breaks of more than 15 minutes.

19. During this time, plaintiff worked 50 hours each week.

20. From July 2015 to on or about November 16, 2016, plaintiff worked Monday through Saturday each week.

21. During this time, plaintiff worked Monday through Friday from 6:00 a.m. to 4:00 p.m. and Saturday from 6:00 a.m. to 1:00 p.m. each week.

22. During this time, plaintiff was not given any uninterrupted meal breaks of more than 15 minutes.

23. During this time, plaintiff worked 57 hours each week.

24. During his employment, plaintiff was paid a weekly wage.

25. Plaintiff was not paid by the hour.

26. Plaintiff was always paid in cash.

27. Defendants never paid Plaintiff overtime compensation.

28. Defendants never paid Plaintiff one and a half times his regular rate of pay when he worked more than 40 hours each week.

29. During his employment, Plaintiff punched in when his shift began each morning and punched out when he shift ended each afternoon.

30. Defendants should have records demonstrating the amount of overtime Plaintiff worked each week during this time.

31. Defendants managed Plaintiff's employment, including the amount of overtime worked.

32. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

33. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

34. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## FLSA Overtime Claim

35. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

36. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for

commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

37. The corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

38. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendant for the years 2016, 2015, and 2014 was not less than $500,000.00 each year.

39. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

40. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

41. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

42. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

43. However, none of the Section 13 exemptions apply to the Plaintiff because he has not met the requirements for coverage under the exemptions.

44. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

45. Defendants have not acted in good faith with respect to the conduct alleged herein.

46. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

47. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

48. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

49. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

50. By the above-alleged conduct, Defendants failed to pay plaintiff overtime compensation as required by the New York Labor Articles.

51. By the above-alleged conduct, Defendants have failed to pay plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for defendants.

52. Plaintiff is not exempt from the overtime provisions of the New York Labor Articles, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

53. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter

of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

54. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## NYLL FAILURE TO PROVIDE WAGE NOTICES

55. Defendants have willfully failed to furnish Plaintiff with wage notices during his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

56. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

57. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VII
## NYLL Failure to Provide Wage Statement Claim

58. Defendants willfully failed to provide the Plaintiff with proper written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

59. Through their knowing and intentional failure to provide the Plaintiff with proper and accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

60. Due to Defendants' willful violations of the NYLL, the Plaintiff is entitled to recover statutory penalties of one hundred dollars ($100.00) for each work week prior to February 27, 2015 that Defendants failed to provide the Plaintiff with proper written wage statements up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of two hundred fifty dollars ($250.00) for each work day on or after February 27, 2015 in which Defendants failed to provide the Plaintiff with proper wage statements up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate

Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

    A. Declare and find that the Defendants committed one or more of the following acts:

        1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

        2. Willfully violated overtime provisions of the FLSA;

        3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff;

        4. Willfully violated the overtime wages provision of the NYLL.

    B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

    C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

    D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

    E. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
January 26, 2017

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiff
4242 Merrick Road
Massapequa, New York 11758
(516) 228-5100

# FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **New Water Café, Inc.** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **New Water Café, Inc.** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

_____
Firma (Signature)

_____
Jose Luis Escalona Morales